**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO.  1:05CV25**
**(1:02CR66)**

| | | |
|---|---|---|
| **JOVANI ZAMORA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion

pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

No response is necessary from the Government.


**I.  STANDARD OF REVIEW**

A prisoner in federal custody may attack his conviction and sentence

on the grounds that it is in violation of the Constitution or United States law,

was imposed without jurisdiction, exceeds the maximum penalty, or is

otherwise subject to collateral attack.  **28 U.S.C. § 2255.**  However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the
> movant is not entitled to relief in the district court, the judge
> shall make an order for its summary dismissal and cause the
> movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**  The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II.  PROCEDURAL HISTORY

On August 5, 2002, the Petitioner was charged in a two-count bill of indictment with conspiracy to possess with intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine (Count One), and possession with intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine (Count Two), in violation of 21 U.S.C. §§ 846, and 841(a)(1).  **Bill of Indictment, filed August 5, 2002.**

Thereafter, the Petitioner entered into a plea agreement with the Government wherein he agreed to plead guilty to the charges contained in Count One of the indictment in exchange for the Government's dismissal of Count Two.  **Plea Agreement, filed August 27, 2002.**  He acknowledged

he understood the maximum statutory penalties were not less than 10 years or more than life imprisonment, a fine of up to $4 million, and at least five years supervised release. *Id*. He further acknowledged that any sentence imposed would be "in conformity with the United States Sentencing Guidelines" and that such sentence would be without parole. *Id.*, **at 2**. The Petitioner also acknowledged that in exchange for the concessions made by the United States, he waived his right to contest his conviction or sentence in any direct appeal or other post-conviction proceeding, such as a motion filed pursuant to 28 U.S.C. § 2255, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. *Id.*, **at 5**.

On August 29, 2002, the Petitioner appeared before the Magistrate Judge to enter his plea in a Rule 11 proceeding. The Petitioner stated, under oath, that he and his attorney had reviewed both the indictment and the plea agreement; that his mind was clear and that he was not under the influence of any intoxicating liquors or drugs of any kind; that he had reviewed with his attorney the essential elements the Government would be required to prove beyond a reasonable doubt if there would have been a trial in this matter and the maximum possible punishments he would

receive for the offense to which he was pleading guilty; that he was in fact guilty of the offense charged in Count One of the indictment; that his plea was voluntary and not the result of any coercion, threats or promises other than those contained in the plea agreement; that he was "entirely satisfied" with the services of his attorney; that he understood the Sentencing Guidelines and how they might apply to him; that he understood fully all parts of the proceeding and wanted the Court to accept his guilty plea; and he had no other questions, statements or comments for the Court's consideration. **Rule 11 Inquiry and Order of Acceptance of Plea, filed August 29, 2002.** As is the custom in this Court, the Magistrate Judge recorded the Petitioner's answers on the Rule 11 Inquiry form, which the Petitioner and his attorney signed at the conclusion of the proceeding, and then filed in the record. ***Id.*, at 9.**

On January 29, 2003, the undersigned sentenced the Petitioner to 121 months imprisonment. **Judgment in a Criminal Case, filed March 12, 2003.** On April 3, 2003, the Petitioner filed a *pro se* notice of appeal with the Fourth Circuit Court of Appeals. On June 20, 2003, the Fourth Circuit issued a limited remand for this Court to determine whether the Petitioner had shown excusable neglect or good cause to warrant an

extension of the ten-day appeal period. By Order filed August 18, 2003, the undersigned deemed the Petitioner's *pro se* notice of appeal as timely filed. **Order, filed August 18, 2003, at 2.** The Fourth Circuit appointed Kyle King to represent the Petitioner on appeal. On March 12, 2004, King filed a motion to dismiss the appeal pursuant to Fed. R. App. P. 42(b); the Government filed response on March 16, 2004, advising it had no objection to the dismissal. On March 16, 2004, the Fourth Circuit issued its mandate dismissing Petitioner's appeal.

In Petitioner's present § 2255 motion, there is no contention that the dismissal of this appeal was made without Petitioner's knowledge or consent or that King was incompetent or ineffective in representing the Petitioner on appeal. His only complaint regards his trial counsel's ineffectiveness for failing to file an appeal as he directed and counsel's failure to challenge the two-level enhancement imposed during sentencing since, according to the Petitioner, he neither admitted to possessing a firearm nor was such finding made by a jury. He further alleges that without the enhancement, his total offense level would have been 29; considering that offense level with his criminal history category of II, his guideline range would have been 97 to 121 months. He, therefore,

concludes that his sentence is unconstitutional as determined by recent Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington State*, 542 U.S. 296 (2004), *United States v. Booker*, 543 U.S. 220 (2005), and a host of other cases cited by the Petitioner.

## III.  DISCUSSION

To the extent that the Petitioner raises grounds based on anything other than ineffective assistance of counsel or prosecutorial misconduct, he waived his right to raise such issues in a motion pursuant to § 2255 in his plea agreement.  Based on the Petitioner's plea agreement, his signature on the Rule 11 Inquiry, the advice he received from the Court at the Rule 11 hearing, and his representations in open court during that hearing, the Court finds Petitioner made a knowing and voluntary waiver of the right to attack his conviction or sentence by a collateral proceeding such as a § 2255 motion.  **See, United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005) ("[W]e hold that a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary. . . .  [A] defendant's solemn**

**declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." (internal quotations and citations omitted));** *United States v. General*, **278 F.3d 389 (4th Cir. 2002);** *United States v. Brown*, **232 F.3d 399 (4th Cir. 2000);** *United States v. Hoyle*, **33 F.3d 415, 418 (4th Cir. 1994).** The Court, therefore, addresses Petitioner's claims that his attorney was ineffective by failing to file his notice of appeal and lacked clairvoyance in anticipating a change of law regarding the proper application of enhancements pursuant to the Sentencing Guidelines. However, a valid plea agreement only requires that a defendant be properly advised as to his rights under existing law, not clairvoyance as to future changes in existing law which may be mandated by our Supreme Court. ***See, United States v. Blick*, 408 F.3d 162, 170 (4th Cir. 2005) (citing *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)).**

In considering Petitioner's claims that he has not received adequate assistance of counsel,

[f]irst, the defendant must show that counsel's performance
was deficient.  This requires showing that counsel made errors
so serious that counsel was not functioning as the "counsel"
guaranteed the defendant by the Sixth Amendment.  Second,
the defendant must show that the deficient performance
prejudiced the defense.  This requires showing that counsel's
errors were so serious as to deprive the defendant of a fair trial,
a trial whose result is reliable.

*Strickland v. Washington*, **466 U.S. 668, 686 (1984).**  Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail.  *Id.*  Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for counsel's conduct, there was a reasonable probability the result would have been different.  *Id.*, **at 688;** *Hill v. Lockhart*, **474 U.S. 52 (1985);** *Fields v. Attorney Gen.*, **956 F.2d 1290 (4th Cir. 1992) (In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have pled guilty).**  If the defendant fails to make the first showing, there is no need to consider the second.  *Strickland, supra*.

The Court first addresses Petitioner's claim that his attorney was ineffective for his failure to file a notice of appeal at Petitioner's request.  It

is patently obvious that this claim is meritless. Even though Petitioner's *pro se* notice of appeal was untimely, this Court found good cause had been shown to deem the notice timely filed. The Fourth Circuit appointed Petitioner appellate counsel, the appeal was appropriately filed and docketed, and thereafter dismissed on Petitioner's motion. Petitioner will not now be heard to complain that he was prejudiced by his trial counsel's failure to file his notice of appeal when in fact the appeal was filed, counsel appointed, and the appeal dismissed on the Petitioner's own motion.

Petitioner also contends that his attorney was ineffective for failing to challenge the two-level enhancement imposed at sentencing by the Court. First, it is noted that in both his written plea agreement and at his Rule 11 hearing, the Petitioner was advised that the minimum sentence he faced was 120 months imprisonment and the maximum sentence was life imprisonment. **Plea Agreement, at 1; Rule 11 Inquiry, at 3; *see also*, 21 U.S.C. § 841(b)(1)(A).** This Court had no right to depart from the required statutory minimum punishment of 120 months. ***Melendez v. United States*, 518 U.S. 120, 125-30 (1996); *United States v. Robinson*, 404 F.3d 850, 862 (4th Cir.), *cert. denied*, 126 S. Ct. 288 (2005).** Petitioner assured the Court and his attorney that he understood these penalties and

wanted to proceed to enter his guilty plea.  **Rule 11 Inquiry, *supra*.**  He also stated that he understood and agreed to be sentenced in "conformity with the United States Sentencing Guidelines" which provided for a statutory minimum sentence of 120 months.  **Plea Agreement, at 2; *see also*, U.S.S.G. Ch. 5, Part A (assuming a defendant's offense level of 31, criminal history category II).**  Lastly, the Court notes in Petitioner's own argument against the two-level enhancement that even if the enhancement were not applied, a 121-month sentence could have been imposed, *albeit* the maximum possible sentence of the 97 to 121 month guideline range.  **See Petitioner's Memorandum of Law, at 7.**

Because Petitioner failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment,"  the second prong of *Strickland* need not be reached.

Finally, the Petitioner claims he is entitled to relief based on the *Apprendi* and *Blakely* decisions.  The Supreme Court held in *Apprendi* that other than a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury and proven beyond a reasonable doubt.  Besides the fact that the

Petitioner entered into a guilty plea, he is mistaken that *Apprendi* would apply to his case in any event because his sentence is not beyond the prescribed statutory maximum sentence of life imprisonment.  **See, e.g., United States v. Bradford, 7 Fed. Appx. 222, 223 n.\* (4th Cir. 2001) (citing United States v. White, 238 F.3d 537, 542 (4th Cir. 2001)).**

In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range.  However, *Blakely* does not apply retroactively to convictions, like the Petitioner's, that were final at the time that case was decided.  **United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir.), cert. denied, 126 S. Ct. 442 (2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); United States v. Marshall, 117 Fed. Appx. 269 (4th Cir. 2004).**

To the extent that the Petitioner may have asserted a claim pursuant to *United States v. Booker*, 543 U.S. 220 (2005), that claim is rejected as

well.  In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts.  The Fourth Circuit, as well as every circuit court which has addressed the issue of whether *Booker* may be applied retroactively to cases on collateral review, has held that *Booker* is not retroactive.  **United States v. Morris, 429 F.3d 65 (4th Cir. 2005) (Although *Booker* is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.); United States v. Fowler, 133 Fed. Appx. 922 (4th Cir. 2005) ("Neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir.), cert. denied, 126 S. Ct. 288 (2005); Guzman v. United States, 404 F.3d 139 (2d Cir.), cert. denied, 126 S. Ct. 731 (2005); Humphress v. United States, 398 F.3d 855 (6th Cir.), cert. denied, 126 S. Ct. 199 (2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not**

**apply retroactively to criminal cases that became final before its release on January 12, 2005.");** *Green*, *supra*; *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED.**  A Judgment is filed herewith.

Signed: February 17, 2006

Lacy H. Thornburg
United States District Judge